Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Michael Marchand (SBN 281080)
mmarchand@blakelylawgroup.com
BLAKELY LAW GROUP
915 North Citrus Avenue
Los Angeles, California 90038
Telephone: (323) 464-7400
Facsimile: (323) 464-7410

*Attorneys for Plaintiffs*
*Coach, Inc. and Coach Services, Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

COACH, INC., a Maryland Corporation; COACH SERVICES, INC., a Maryland Corporation,

   Plaintiffs,

vs.

MADE IN THE SHADE, an unknown business entity; CELIA JUAREZ; an individual; and DOES 1-10, inclusive,

   Defendants.

CASE NO. EDCV12-2130 VAP (OPx)

**COMPLAINT FOR DAMAGES**

1. **TRADEMARK COUNTERFEITING**
2. **FEDERAL TRADEMARK INFRINGEMENT**
3. **TRADE DRESS INFRINGEMENT**
4. **FALSE DESIGNATIONS OF ORIGIN AND FALSE DESCRIPTIONS**
5. **FEDERAL TRADEMARK DILUTION**
6. **TRADEMARK DILUTION UNDER CALIFORNIA LAW**
7. **COMMON LAW UNFAIR COMPETITION**

**[JURY TRIAL DEMANDED]**

Plaintiffs Coach, Inc. and Coach Services, Inc. ("Coach" or "Plaintiffs") for their claims against Defendants Made in the Shade and Celia Juarez (collectively "Defendants") respectfully allege as follows:

## JURISDICTION AND VENUE

1. Plaintiffs file this action against Defendants for trademark counterfeiting, trademark infringement, trade dress infringement, and trademark dilution under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), and related claims of unfair competition and trademark dilution under the statutory and common law of the State of California.

2. This Court has subject matter jurisdiction over the Federal trademark counterfeiting and infringement and trademark dilution claims under 28 U.S.C. §§1121(a), 1331, 1338(a) and 1367.

3. This Court has personal jurisdiction over Defendants because Defendants do business within this judicial district, and the acts complained of occurred in this judicial district.

4. This action arises out of wrongful acts, including advertising, offering for sale, selling and distributing products by Defendants within this judicial district. Venue is proper in this district pursuant to 28 U.S.C. §1391 because the claims asserted arise in this district.

## THE PARTIES

5. Plaintiff Coach, Inc. is a corporation duly organized and existing under the laws of the State of Maryland, with its principal place of business in New York, New York. Plaintiff Coach Services, Inc., a wholly owned subsidiary of Coach, Inc., is a corporation duly organized and existing under the laws of the State of Maryland with its principal place of business in Jacksonville, Florida. Plaintiffs Coach, Inc. and Coach Services, Inc. will hereinafter be collectively referred to as "Coach."

6. Upon information and belief, Defendant Made in the Shade is an unknown business entity with a principal place of business located at 12505 North Mainstreet, Rancho Cucamonga, CA 91739.

7. Upon information and belief, Defendant Celia Juarez is an individual residing in this judicial district and doing business at Made in the Shade.

8. Plaintiffs are unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names. Plaintiffs will seek leave to amend this complaint when their true names and capacities are ascertained. Plaintiffs are informed and believes and based thereon alleges that said Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

9. Plaintiffs are informed and believe, and based thereon allege, that at all relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Plaintiffs further allege that Defendants and DOES 1 through 10, inclusive, have a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendants and DOES 1 though 10, inclusive, failed and/or refused to perform.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A. Coach's Family of Trademarks, Logos, and Designs

10. Coach was founded more than seventy years ago as a family-run workshop in a Manhattan loft. Since that time, Coach has been engaged in the manufacture, marketing, and sale of fine leather and mixed material products including

3
COMPLAINT FOR DAMAGES

1 | handbags, wallets, travel cases, briefcases, planners and diaries, leather goods,
2 | watches, eyewear, footwear, apparel, and accessories.

3 |     11.   Coach is the worldwide owner of the trademark "COACH" and various
4 | composite trademarks and assorted design components, including the CC Mark
5 | (collectively "Coach Marks").

6 |     12.   Amongst the many Coach Marks, one of the most well-known and
7 | recognized marks is Coach's CC Mark (see below). Coach has used the CC Mark in
8 | association with the sale of goods since as early as 2001. The CC Mark was first
9 | registered at the U.S. Patent and Trademark Office on September 24, 2002.
10 | Registrations for the CC Mark include, but are not limited to, U.S. Reg. Nos.
11 | 2,592,963; 2,626,565; 2,822,318; 2,832,589; 2,822,629; and 3,695,290.



15 |     13.   Coach has used the CC Mark in connection with the sale of goods since as
16 | early as 2001.

17 |     14.   Many of Coach's products exhibit composites of the CC Mark in an
18 | assortment of different sizes, patterns, and colors ("CC Design").

19 |     15.   Plaintiffs' CC Mark and CC Design are highly recognized by the public
20 | and serves to identify the source of the goods as Coach.

21 |     16.   Coach has long been manufacturing and selling in interstate commerce
22 | high quality leather and mixed material products under the Coach Marks. These
23 | registrations are valid and subsisting and are incontestable. Through longstanding use,
24 | advertising, and registration, the Coach Marks have achieved a high degree of
25 | consumer recognition and constitute famous marks.

26 |     17.   Coach and its predecessors have continuously used the Coach Marks and
27 | CC Design in interstate commerce in connection with the sale, distribution, promotion,
28 | and advertising of its goods for four decades.

18. Coach and its predecessors have achieved sales volumes of over three billion dollars annually from goods bearing the Coach Marks and CC Design. As such, the goodwill associated therewith are valuable assets of Coach.

19. Coach and its predecessors have expended over a hundred million dollars in advertising, promoting, and marketing goods featuring the Coach Marks and Coach Designs.

20. Due to Coach and its predecessors' long use, extensive sales, and significant advertising and promotional activities, the Coach Marks and CC Design have achieved widespread acceptance and recognition among the consuming public and trade throughout the United States. The arbitrary and distinctive Coach Marks identify Coach as the source/origin of the goods on which they appear.

**B.  Defendants' Infringing Conduct**

21. In or around October, 2012, Coach discovered that products bearing marks and designs identical and/or substantially indistinguishable from Coach's CC Mark and CC Design were being offered for sale by Defendant Made in the Shade through its retail store front located at 12505 North Mainstreet, Rancho Cucamonga, CA 91739.

22. Upon information and belief, the Defendant Celia Juarez is the active, moving, conscious force behind the alleged infringing activities.

23. Defendants are not authorized by Coach to manufacture, distribute, advertise, offer for sale, and/or sell merchandise bearing any of Plaintiffs' federally registered trademarks and copyrights.

### FIRST CLAIM FOR RELIEF

(Trademark Counterfeiting as to All Defendants)

24. Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

25. Defendants, without authorization from Coach, have used and are continuing to use spurious designations that are identical to, or substantially indistinguishable from, the Coach Marks in interstate commerce.

26. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Defendants' counterfeit products are genuine or authorized products of Coach.

27. Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Marks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill inherent in the Coach Marks.

28. Defendants' acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

29. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

30. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

31. Defendants' acts have damaged and will continue to damage Plaintiffs, and Plaintiffs have no adequate remedy at law.

32. In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using the Coach Marks or any marks identical and/or confusingly similar thereto for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

## SECOND CLAIM FOR RELIEF

### (Federal Trademark Infringement as to All Defendants)

33. Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

34. Plaintiffs' CC Mark is nationally recognized, including within the Central District of California, as being affixed to goods and merchandise of the highest quality and coming from Plaintiffs.

35. The registrations embodying the CC Mark are in full force and effect and Plaintiffs have authorized responsible manufacturers and vendors to sell merchandise with these marks.

36. Defendants' unauthorized use of the CC Mark in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods and serves are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Plaintiffs or come from the same source as Plaintiffs' goods and are of the same quality as that assured by the Coach Marks.

37. Defendants' infringing use of the CC Mark is without Plaintiffs' permission or authority and in total disregard of Plaintiffs' rights to control its trademarks.

38. Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Plaintiffs have produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Plaintiffs.

39. Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' goods or services and to injure Plaintiffs and reap the benefit of Plaintiffs' goodwill associated with Plaintiffs' trademarks.

40. As a direct and proximate result of Defendants' willful and unlawful conduct, Plaintiffs have been injured and will continue to suffer injury to their business and reputation unless Defendants are restrained by this Court from infringing Plaintiffs' trademarks.

41. Plaintiffs have no adequate remedy at law.

42. In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using the CC Mark, or any marks identical and/or confusingly similar thereto, for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

## THIRD CLAIM FOR RELIEF

### (Trade Dress Infringement as to All Defendants)

43. Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

44. Coach has used the CC Mark in association with the sale of goods in its "Signature" line of goods since as early as 2001. Coach's Signature line of products features the CC Mark in a repeating pattern in various sizes, colors, and patterns ("CC Design")

45. The CC Design is nonfunctional and its inherently distinctive quality has achieved a high degree of consumer recognition and serves to identify Coach as the source of high quality goods.

46. Defendants' unauthorized use of the CC Design on its merchandise in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods and services are manufactured, offered,

sponsored, authorized, licensed by or otherwise connected with Plaintiffs or come from the same source as Plaintiffs' goods when in fact they do not.

47. Defendants' use of the CC Design is without Plaintiffs' permission or authority and in total disregard of Plaintiffs' rights to control its trademarks.

48. Defendants' use of the CC Design is likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Plaintiffs have produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Plaintiffs.

49. Plaintiffs have no adequate remedy at law.

50. In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using the CC Design, or any designs identical or confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## FOURTH CLAIM FOR RELIEF

### (False Designations of Origin and False Descriptions as to All Defendants)

51. Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

52. The CC Mark and CC Design are nonfunctional and their inherently distinctive quality has achieved a high degree of consumer recognition and serves to identify Coach as the source of high quality goods.

53. Defendants' unauthorized use of Plaintiffs' CC Mark and CC Design on its merchandise in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Plaintiffs or come from the same source as Plaintiffs' goods when in fact they do not.

54. Defendants' use of Plaintiffs' CC Mark and CC Design is without Plaintiffs' permission or authority and in total disregard of Plaintiffs' rights to control its trademarks.

55. Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Plaintiffs have produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Plaintiffs.

56. Plaintiffs have no adequate remedy at law.

57. In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using Plaintiffs' CC Mark and Coach Designs, or any marks and/or designs identical and/or confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## FIFTH CLAIM FOR RELIEF

### (Federal Trademark Dilution as to All Defendants)

58. Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

59. Plaintiffs' CC Mark and CC Design are "famous" within the meaning of the Lanham Act.

60. Defendants have used in commerce in connection with the sale of their products counterfeit reproductions and/or marks confusingly similar to the CC Mark and Coach Designs, which is likely to cause, and most likely has caused, confusion or mistake as to the affiliation, connection, or association between Defendants and Plaintiffs or as to the origin, sponsorship, or approval of said counterfeit goods by Plaintiffs.

61. Defendants' acts described above have diluted and continue to dilute Plaintiffs' unique and distinctive trademarks. These acts violate the Lanham Act, have

injured and, unless immediately restrained, will continue to injure Plaintiffs, causing damage to Plaintiffs in an amount to be determined at trial, as well as irreparable injury to Plaintiffs' goodwill and reputation associated with the value of Plaintiffs' trademarks.

62. Upon information and belief, Defendants' unlawful actions began long after Plaintiffs' CC Mark and CC Design became famous.

63. Upon information and belief, Defendants acted knowingly, deliberately and willfully with the intent to trade on Plaintiffs' reputation and to dilute Plaintiffs' CC Mark and Coach Designs. Defendants' conduct is willful, wanton and egregious.

64. Plaintiffs have no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

65. In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using the CC Mark and Coach Designs, or any marks and/or designs confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## SIXTH CLAIM FOR RELIEF

### (Trademark Dilution in Violation of California Bus. & Prof. Code as to All Defendants)

66. Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

67. Plaintiffs' CC Mark and CC Design are distinctive in the state of California by virtue of their substantial inherent and acquired distinctiveness and extensive use, advertising and wide spread publicity of the marks in the state of California.

68. The actions of Defendants complained of herein are likely to injure the business reputation and dilute the distinctive quality of Plaintiffs' trademarks which are famous.

69. The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiffs in reckless disregard of Plaintiffs' rights. Said conduct was despicable and harmful to Plaintiffs and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendants and to deter them from similar such conduct in the future.

70. By reason of the foregoing, Plaintiffs are being damaged by Defendants' unauthorized and illegal use of Plaintiffs' trademarks in the manner set forth above and will continue to be damaged unless Defendants are immediately enjoined under Section 14247 of the California Business and Professions Code from using any of Plaintiffs' trademarks.

71. Plaintiffs will be irreparably injured by the continued acts of Defendants, unless such acts are enjoined.

72. Plaintiffs have no adequate remedy at law.

73. In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using the CC Mark and Coach Designs, or any marks and/or designs identical and/or confusingly similar thereto, for any purpose, destruction of the counterfeit Coach merchandise, and to recover up to three times their profits from, and up to three times all damages suffered by reason of, Defendants' wrongful manufacture, use, display, or sale of infringing Coach products.

## SEVENTH CLAIM FOR RELIEF

**(Common Law Unfair Competition as to All Defendants)**

74. Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

75. Plaintiffs own and enjoy common law trademark rights to the CC Mark and CC Design in California and throughout the United States.

12
COMPLAINT FOR DAMAGES

76. Defendants' unlawful acts in appropriating rights in Plaintiffs' common law trademarks were intended to capitalize on Plaintiffs' goodwill for Defendants' own pecuniary gain. Plaintiffs have expended substantial time, resources and effort to obtain an excellent reputation for itself and its family of Marks. As a result of Plaintiffs' efforts, Defendants are now unjustly enriched and are benefiting from property rights that rightfully belong to Plaintiffs.

77. Defendants' unauthorized use of Plaintiffs' CC Mark and CC Design has caused and is likely to cause confusion as to the source of Defendants' products, all to the detriment of Plaintiffs.

78. Defendants' acts are willful, deliberate, and intended to confuse the public and to injure Plaintiffs.

79. Defendants' acts constitute unfair competition under California common law.

80. Plaintiffs have been irreparably harmed and will continue to be irreparably harmed as a result of Defendants' unlawful acts unless Defendants are permanently enjoined from their unlawful conduct.

81. The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiffs in reckless disregard of Plaintiffs' rights. Said conduct was despicable and harmful to Plaintiffs and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendants and to deter them from similar such conduct in the future.

82. Plaintiffs have no adequate remedy at law.

83. In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using Plaintiffs' CC Mark and Coach Designs, or marks and/or designs identical and/or confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiffs has sustained and will sustain and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray that this Court enter judgment in their favor and against Defendants as follows:

A. Granting temporary, preliminary and permanent injunctive relief restraining Defendants, their agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them, from:

(1) Using the CC Mark and/or CC Design, or any marks confusingly similar thereto, in connection with the manufacturing, distribution, advertising, offering for sale, and/or sale of merchandise;

(2) Using any of Coach's federally registered trademarks, copyrighted works, and/or designs in connection with the manufacturing, distribution, advertising, offering for sale, and/or sale of merchandise;

(3) Committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with, Coach;

(4) Otherwise infringing upon Coach's federally registered trademarks, copyrighted works, and/or trade dresses;

(5) Otherwise diluting Coach's federally registered trademarks, copyrighted works, and/or trade dresses;

(6) Unfairly competing with Coach.

B. Awarding actual damages suffered by Plaintiffs as a result of Defendants' acts;

C. Ordering an accounting by Defendants of all gains, profits and advantages derived from their wrongful acts;

D. Ordering Defendants to disgorge their profits;

1      E.    Awarding Plaintiffs all of Defendants' profits and all damages sustained by Plaintiffs as a result of Defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a).

    F.    Awarding treble damages in the amount of Defendants' profits or Plaintiffs' damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117(b).

    G.    Awarding applicable interest, costs, disbursements and attorneys' fees, pursuant to 15 U.S.C. § 1117(b).

    H.    Awarding Plaintiffs statutory damages pursuant to 15 U.S.C. §1117(c).

    I.    Awarding Plaintiffs punitive damages in connection with their claims under California law; and

    J.    Awarding Plaintiffs such other and further relief as the Court deems just and proper.

Dated: November 30, 2012

BLAKELY LAW GROUP

By: _____
Brent H. Blakely
Michael Marchand
*Attorneys for Plaintiffs*
*Coach, Inc. and Coach Services, Inc.*

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury as to all claims in this litigation.

Dated: November 30, 2012

BLAKELY LAW GROUP

By: _____
Brent H. Blakely
Michael Marchand
*Attorneys for Plaintiffs*
*Coach, Inc. and Coach Services, Inc.*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

COACH, INC; COACH SERVICES, INC.

**DEFENDANTS**

MADE IN THE SHADE; CELIA JUAREZ

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
BLAKELY LAW GROUP
915 North Citrus Avenue, Hollywood, California 90038
Telephone: (323) 464-7400

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☒ **MONEY DEMANDED IN COMPLAINT:** $ 100,000+

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Trademark Infringement under the Lanham Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | | **SOCIAL SECURITY** |
| | ☐ 160 Stockholders' Suits | | ☐ 443 Housing/Acco- mmodations | | ☐ 861 HIA (1395ff) |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | ☐ 862 Black Lung (923) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 864 SSID Title XVI |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 865 RSI (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | **FEDERAL TAX SUITS** |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | |
| | ☐ 240 Torts to Land | | | | |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | |

EDCV12-2130

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)      CIVIL COVER SHEET      Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | COACH, INC. - New York<br>COACH SERVICES, INC. - Florida |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All Defendants - San Bernardino | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date 12/4/2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |